IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. BEGGS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **2:04cv1705** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

**I.      Introduction**

Plaintiff, Robert J. Beggs, brought this action pursuant to 42 U.S.C. §§ 405(g) and

1383(c) for judicial review of the final determination of the Commissioner of Social Security

("Commissioner"), which denied his application for supplemental security income ("SSI")

under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).

**II.      Background**

**A.      Facts**

Plaintiff was born on March 28, 1973.  R. at 34.  He has a seventh grade education

and has worked as a laborer on the railroad and in a garage.  R. at 21, 40.

Plaintiff alleges disability as of January 1, 1995, due to diabetes, eye and/or vision

problems, bad nerves, anxiety, back problems and muscle spasms.  R. at 21.  The record

reflects that Plaintiff has not engaged in substantial gainful work activity since alleging

disability in January of 1995.  R. at 22.

**B.      Procedural History**

Plaintiff filed an application for SSI on January 30, 2002, in which he claimed total

disability since January 1, 1995.  R. at 21, 113.  An administrative hearing was held on May 16,

2003 before Administrative Law Judge Alma S. deLeon ("ALJ").  R. at 30. Plaintiff was

represented by counsel and testified at the hearing.  R. at 30.  Samuel Edelmann,  an impartial vocational expert, also testified at the hearing.  R. at 54.

On September 12, 2003, the ALJ rendered a decision which was unfavorable to Plaintiff in which she found that Plaintiff retained the ability to perform "at least light work activity" with a variety of additional limitations and, therefore, was not "disabled" within the meaning of the Act.  R. at 25.

The ALJ's decision became the final decision of the Commissioner on September 9, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.  R. at 9-11.

On November 10, 2004, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary judgment.   Plaintiff contends that the ALJ erred 1) in finding that his allegations of impairments were not totally credible, 2) in her rejection of the opinion of his treating physician, 3) in determining his residual functional capacity, and 4) in relying upon an incomplete hypothetical question.  The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.  The Court agrees with Plaintiff that the ALJ erred in rejecting the opinion of his treating physician, and in relying upon an incomplete hypothetical question.  Therefore, the Court will grant the Motion for Summary Judgment filed by Plaintiff, deny the Motion for Summary Judgment filed by the Commissioner, and remand this matter to the Commissioner with directions to award benefits to Plaintiff for the appropriate period.

**III.        Legal Analysis**

**A.        Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision.  42 U.S.C. §§ 405(g); 1383(c)(3).  If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court.  42 U.S.C. § 405(g); *Schaudeck v. Comm'n. of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).  The Supreme

Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education

and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff "retains the ability to perform at least light work activity which would not involve pushing and pulling with the extremities, detailed instructions, complex decisions, coping with stress in critical situations, dealing with the public, and more than minimal interaction with peers and supervisors." R. at 25. In response to a hypothetical question which included said limitations, the vocational expert testified that such a hypothetical person could work as a stock clerk, an office cleaner and a motel cleaner. R. at 55-56.

### B.    Discussion

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

      1.     *Whether the Commissioner erred in her rejection of the medical evidence and opinions of Plaintiff's treating physicians?*

Plaintiff contends that the ALJ erred when she rejected the opinion of Randy Kreider, M.D. ("Dr. Kreider"), Plaintiff's treating physician, who opined on November 25, 2002 and July 1, 2003 that Plaintiff is disabled due to diabetes, depression, anxiety, panic attacks and migraines.  Pltf's Brief at 14; R. at 405, 508-09.

Precedential decisions from the Third Circuit and the applicable regulations provide that the "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001) (*citing* 20 C.F.R. § 404.1527(d)(2) *and Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)).  The regulations explain that more weight is given to a claimant's treating physician because

> these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2).  "Where a treating source's opinion on the nature and severity of a claimant's impairment is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record,' it will be given 'controlling weight.'" *Fargnoli*, 247 F.3d at 43 (*quoting* 20 C.F.R. § 404.1527(d)(2)).

The Court finds and rules that the ALJ's decision to reject the opinion of Dr. Kreider is not supported by substantial evidence.  With respect to Plaintiff's diabetes, Plaintiff testified at the hearing that due to complications from diabetes he experienced seizures "quite frequently," which Plaintiff stated was "usually three times out of a week."  R. at 37-38. Plaintiff's testimony regarding his seizures is consistent with a daily activities questionnaire filled out by his mother, as well as the medical records of Anne D. LaRochelle, M.D., who treated Plaintiff's diabetes. R. at 176, 181, 273, 298-99, 307.  Additionally, the records of Martin Meyer, Ph.D. ("Dr. Meyer"), Shubhada Sawardekar, M.D. ("Dr. Sawardekar"), Dr.

Kreider and Harshad Patel, M.D. ("Dr. Patel") reflect that Plaintiff suffers from seizures due to his diabetes.  R. at 333, 341, 343, 456, 488, 495-96, 498.  Significantly, the hypothetical question posed to the vocational expert *does not* reflect that the ALJ accommodated Plaintiff's seizures.  *See* R. at 55.

With respect to Plaintiff's mental impairments, Dr. Kreider's opinion that Plaintiff is disabled due to depression, anxiety and panic attacks is consistent, rather than inconsistent, with nearly all other medical evidence of record.  For example, a clinical psychological disability evaluation performed by Dr. Meyer on June 19, 2002 reflects that Plaintiff's mental health problems are fairly severe.  Dr. Meyer diagnosed Plaintiff with, *inter alia*, dysthymic disorder, panic disorder with agoraphobia and borderline intellectual functioning.  R. at 336. Dr. Meyer's written report reflects that Plaintiff suffers from "near constant depression," as well as "overwhelming sadness" and "thoughts of suicide."  R. at 334.  The written report also reflects that Plaintiff's "suicidal thoughts intensify when angry or confused," that his "symptoms of anxiety include nausea, fatigue and a desire to sleep," that Plaintiff is paranoid and "often believes people are looking at him or talking of him," and that Plaintiff has short-term memory problems and poor ability to concentrate.  R. at 334.  As to Plaintiff's thought process, Dr. Meyer opined that he had "little ability for flexibility or employing critical thinking ..."  R. at 335.  As to impulse control, Dr. Meyer opined that Plaintiff "evidences difficulties with impulse control as marked by displays of anger."  R. at 336.

Dr. Meyer found that Plaintiff's Global Assessment of Functioning ("GAF") was 50, which indicates "serious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, few friends, unable to keep a job)."  R. at 336; Diagnostic and Statistical Manual of Mental Disorders, 4th ed. (1994).  Dr. Meyer also opined that "[t]he prognosis would be deemed poor in terms of higher level functioning and personality integration."  R. at 336.

The opinion of Dr. Kreider, as well as Dr. Meyer's assessment, are consistent with a psychiatric evaluation performed on May 21, 1999 by M. Jerome Fialkov, M.D. ("Dr. Fialkov").  R. at 222-27.  Dr. Fialkov diagnosed Plaintiff with "adjustment disorder with mixed

anxiety and depressed mood, chronic," as well as a "mental disorder affecting diabetes."  R. at 226.  Consistent with Dr. Meyer's assessment, Dr. Fialkov assessed Plaintiff's GAF to be 48.  R. at 226.

Medical records from the office of Dr. Patel dated November 20, 2003 reflect that Plaintiff was experiencing increased mood swings and anxiety, was having trouble sleeping and experienced difficulty with crowds, and had experienced more frequent seizures.  R. at 448.  These records also reflect that Plaintiff had thoughts of suicide from time to time and was sad, anxious and depressed.  R. at 489-90.  Like Drs. Meyer and Fialkov, Dr. Patel assessed Plaintiff's GAF at 50.  R. at 495.  Finally, the records of Jodie Thiel, a licensed social worker, reflect that as of April 2003 Plaintiff continued to be depressed, had passive thoughts of suicide, was assessed as having a GAF of 50, and had made "minimal progress" after five (5) therapy sessions.  R. at 502.

The great weight of the medical evidence reflects that Plaintiff has serious mental health problems and suffers from seizures due to diabetes, which is entirely consistent with Dr. Kreider's opinion that Plaintiff is disabled due to depression, anxiety, panic attacks and diabetes.  However, the ALJ found that Dr. Kreider's opinion was contradicted by a disability form that he completed on May 13, 2002.[1]  Dr. Kreider reported on that particular form that Plaintiff's appearance, behavior, psychomotor activity, appropriateness, information and intelligence, and stream and content of thought were "normal."  R. at 324-25.  Dr. Kreider also reported that Plaintiff's characteristics of speech, mood, concentration, memory, concentration, judgment and insight were "ok."  R. at 325-26.  Finally, Dr. Kreider opined that at that time Plaintiff's mental condition did not affect his "ability to maintain a daily household routine to sustain attention long enough to complete tasks ..., to remember appointments independently, to complete assignments, and/or to sustain work-like related activities."  R. at 327.  The Court recognizes that this evidence can be interpreted as consistent with a finding that Plaintiff

---

[1]  The ALJ states that the disability form marked as Exhibit C15F was filled out in April of 2002, but the form actually reflects that it was filled out on May 13, 2002.  R. at 332.

functions well enough to hold a job.  However, in light of the overwhelming contrary medical evidence of record, including Dr. Kreider's later opinions that Plaintiff is permanently disabled, the Court is unable to find that the disability form completed by Dr. Kreider on May 13, 2002 amounts to "substantial evidence" that Plaintiff can engage in substantial gainful activity.  *See Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) ("evidence [is not] substantial if it is overwhelmed by other evidence") (citations omitted).

> 2.    *Whether the Commissioner erred in her reliance upon the testimony of the vocational expert?*

Plaintiff contends that the hypothetical question posed to the vocational expert did not include all of the limitations that were supported by the record, and therefore the vocational expert's response to said hypothetical is not substantial evidence.  Pltf's Brief at 19.  The Court agrees.  As mentioned above, the transcript reflects that the ALJ did not ask the vocational expert to consider the effect of Plaintiff's seizures on his ability to perform substantial gainful activity.  *See* R. at 55.  Additionally, although the hypothetical question assumed that Plaintiff could not cope with stress in critical situations, deal with the public or interact frequently with others, it also appears to the Court that the hypothetical did not adequately accommodate the effects of Plaintiff's chronic depression and anxiety.  *See* R. at 55.  Therefore, because the ALJ's hypothetical question did not take into account Plaintiff's seizures and/or the effects of his chronic depression and anxiety, the Court finds that the ALJ's conclusion that Plaintiff is capable of other work is not supported by substantial evidence.  *See Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984) (instructing that it is error to rely on a vocational expert's testimony if the hypothetical does not accurately portray the individual's physical and mental impairments).   Accordingly, the Commissioner has not met her burden of proof at step five of the sequential evaluation process.  *See Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777**.**

A district court's decision to reverse the Commissioner and award benefits "should be made only when the administrative record of the case has been fully developed and when

substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." *Gilliland*, 786 F.2d at 184 (citations omitted).  Our court of appeals stated in *Gilliland* that when the record establishes that a claimant is disabled, "it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delay in the receipt of benefits." *Id*. (citations omitted).  As in *Gilliland*, in this case "the administrative record is well developed," and it "indicates that the Claimant is disabled and entitled to receive benefits without further extended delay." *Id*.  Therefore, the Court finds that there is "no reason to remand for further consideration of whether the Claimant is disabled." *Id*. Accordingly, this matter will be remanded to the Commissioner with directions to award benefits to Plaintiff for the appropriate period.

**IV.        Conclusion**

      It is undeniable that Plaintiff has a number of severe and serious impairments. Indeed, his impairments are such that the Court must disagree with the findings of the ALJ and her conclusion that Plaintiff is not disabled within the meaning of the Act.

      For the reasons set forth above, the Court will grant the Motion for Summary Judgment filed by Plaintiff, deny the Motion for Summary Judgment filed by the Commissioner, and remand this matter to the Commissioner with directions to award benefits to Plaintiff for the appropriate period.  An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT J. BEGGS,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　2:04cv1705
　　　　　　　　　　　　　　　　　　)
JO ANNE B. BARNHART,　　　　　　　)
Commissioner of Social Security,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)

**ORDER OF COURT**

　　　　AND NOW, this 25th day of April, 2006, in accordance with the foregoing Memorandum Opinion, it is ORDERED, ADJUDGED, and DECREED that:

　　1.　　Plaintiff's Motion for Summary Judgment (*Document No. 7*) is **GRANTED**;

　　2.　　Defendant's Motion for Summary Judgment (*Document No. 9*) is **DENIED**;

　　3.　　This matter is **REMANDED FORTHWITH** to the Commissioner of Social Security with directions to award benefits to Plaintiff for the appropriate period; and

　　4.　　The Clerk will docket this case closed.

　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　s/ Terrence F. McVerry
　　　　　　　　　　　United States District Court Judge

cc:　　　Robert G. Yeatts, Esquire
　　　　Email: ryeatts@lewisandristvey.com

　　　　Lee Karl, AUSA
　　　　Email: lee.karl@usdoj.gov